UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                                         :

DAVID REGUEIRO,                           :

                                         :                22 Civ. 4581 (PAE)
                        Plaintiff,         :

                                         :                    <u>ORDER</u>
              -v-                       :

                                         :

GALAXY RESTAURANTS CATERING GROUP, LP, et :
al.,                                           :

                                         :
                        Defendants.    :
                                                     X
------------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

       On June 2, 2022, plaintiff filed the complaint in this case, asserting diversity of citizenship of the parties as the sole basis for federal jurisdiction. Dkt. 1. On review, it appears to the Court that one defendant, Galaxy Restaurants Catering Group, LP, is a limited partnership. The citizenship of an LP is the citizenship of each of its partners. While the complaint alleges that defendant is a Delaware limited partnership headquartered in Philadelphia, the complaint does not also allege the citizenship of the LP's partners.

       To enable the Court to determine whether there is diversity of citizenship, plaintiff must therefore file an amended complaint, which must allege (1) the citizenship of natural persons who are partners of the LP and (2) the place of incorporation and principal place of business of any corporate entities who are partners of the LP. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (limited partnerships have the citizenship of each general and limited partner); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000) (same). If plaintiff is unable to amend the complaint to allege truthfully complete diversity based upon the citizenship of each constituent person or entity of the LP, then the complaint will be dismissed,

1

without prejudice, for want of subject matter jurisdiction. *See Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990) ("[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power."). To enable the Court to determine whether there is diversity of citizenship, plaintiff must therefore file an amended complaint.

Accordingly, in the interests of justice, the Court grants plaintiff leave to amend the complaint under Federal Rule of Civil Procedure 15(a)(2) to allege the citizenships of all partners in the LP in this case by July 19, 2022.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: July 12, 2022
New York, New York

2